**Pervez & Rehman, P.C**
Aneeba Rehman
Nadia M. Pervez
*Attorneys for Plaintiffs*
68 South Service Road
Suite 100
Melville, NY 11747
(631) 427-0700
info@pervezrehman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VILMA L. RAMOS RUIZ, on behalf of herself and
other similarly situated employees,

                        Plaintiffs                     Docket No.: 16-CV-3167

    -against-                                **FLSA COLLECTIVE
                                                        ACTION COMPLAINT**

KOPPERT CRESS USA LLC,                          Jury Trial Demanded
AND EDDY CRECES

                        Defendants,
-----------------------------------------------------------------------X

      Plaintiff VILMA L. RAMOS RUIZ (hereinafter, "Plaintiff" or "RAMOS RUIZ"), on behalf of herself and other similarly situated employees, by and through her undersigned attorneys, PERVEZ & REHMAN, P.C., files this Complaint against Defendant KOPPERT CRESS USA LLC ("KOPPERT CRESS") and EDDY CRECES ("CRECES") (collectively "DEFENDANTS"), and states as follows:

### INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. Seq.* ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid overtime

compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendant: (1) unpaid overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff RAMOS RUIZ is a resident of Suffolk County, New York.

6. Defendant, KOPPERT CRESS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 3000 Marcus Ave, Ste. 3W4, Lake Success, NY 11042.

7. Defendant EDDY CRECES is owner and/or officer, director, shareholder, manager, and/or proprietor of KOPPERT CRESS who actively participated and continues to actively participate in the day-to-day operations of KOPPERT CRESS and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the

Regulations thereunder, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with KOPPERT CRESS.

8. Defendant CRECES is a manager and/or supervisor at KOPPERT CRESS, who actively participated and continues to actively participate in the day- to-day operations of KOPPERT CRESS, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with KOPPERT CRESS.

9. Defendant CRECES exercised control over the terms and conditions of Plaintiff's employment in that she had the power to: (i) hire and fire employees, (ii) determine and approve rates and methods of pay, (iii) determine and approve work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

10. At all relevant times, KOPPERT CRESS was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11. Defendants employed Plaintiff RAMOS RUIZ in Nassau County, New York, to work as a non-exempt employee for Defendants' business from on or about March 2010 to February 4, 2016.

12. The work performed by Plaintiff was directly essential to the business operated by Defendants.

13. Defendant knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

14. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

15. Throughout all times relevant to this action, Defendant KOPPERT CRESS and CRECES hired employees to work as gardener and salad preparer to participate in the day-to-day operation of Defendants, who were directed and supervised by Defendants.

16. At all relevant times, Defendant CRECES was present at KOPPERT CRESS every day, and actively participated in the day-to-day operation of KOPPERT CRESS.

17. Defendant CRECES is considered the boss, who personally supervises and directs the work of the employees, and the manager who directly supervised the operation of KOPPERT CRESS.

18. For instance, CRECES controlled Plaintiff's work hours and rates of pay and supervised Plaintiff's work.

19. Defendants employed Plaintiff RAMOS RUIZ in Nassau County, New York, to work as a non-exempt gardener and salad preparer for Defendants' business from March 2010 to February 4, 2016.

20. During her employment, Plaintiff was directed to engage in gardening in the green house planting and drying greens. The greens were then brought back to the cold room to prepare salads. She was required to put together boxes for outside orders, label containers, mark trays with dates, among other duties.

21. In or around March 2010, Plaintiff was told that her hourly rate of pay was $10.00 per hour for each hour she worked up to forty (40) in any given workweek.

22. In or around May 2010 until the end of her employment, Plaintiff was told her hourly rate of pay was $10.50 for each hour she worked up to forty (40) in any given workweek.

23. Throughout her employment, Plaintiff worked approximately 38-57 hours per week.

24. Throughout her employment, Plaintiff RAMOS RUIZ was paid only half time for any hour worked over forty (40) per week.

25. Plaintiff RAMOS RUIZ was denied proper overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff RAMOS RUIZ brings this action individually and as class representative on behalf of herself and all other current and former non-exempt employees who have been or were employed by Defendants since June 16, 2010 to the entry of judgment in this case (the "Collective Action Period"), and who failed to receive wages, minimum wages or overtime compensation at the rate of time and one-half for all hours worked in excess of forty (40) per week (the "Collective Action Members").

27. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they

lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

28. Plaintiff RAMOS RUIZ will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

29. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

30. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

31. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

32. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because

Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in violation of the FLSA;

    e. Whether the Defendants unlawfully failed to pay Plaintiff and the Collective Action Members overtime compensation at the statutory rate of time and one-half for all hours worked in excess of forty (40) per week in violation of the FLSA;

    f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and

costs and disbursements.

33. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

34. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

35. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "34" of this Complaint as if fully set forth herein.

36. At all relevant times, upon information and belief, Defendants are and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

38. At all relevant times, KOPPERT CRESS had gross revenues in excess of $500,000.

39. Plaintiff was entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

40. Defendants failed to pay Plaintiff proper overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the

FLSA.

41. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(l) and 215(a). Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when Defendant knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

42. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 21 l (c) and 215(a).

43. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

44. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff

suffered damages consisting of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

46. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

47. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

49. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

50. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendant her unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

51. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiff, RAMOS RUIZ, on behalf of herself and all others similarly situated, respectfully requests that this Court grant the following relief:

(a)   An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)   An award of liquidated damages as a result of failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c)   An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law;

(g)   An award of prejudgment and post-judgment interest;

(h)   An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i)   Such other and further relief as this Court may deem reasonable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated:   June 16, 2016
Melville, New York

By: _____
Aneeba Rehman

Nadia M. Pervez
*Attorneys for Plaintiffs*
Pervez & Rehman, P.C.
68 South Service Road
Suite 100
Melville, NY 11747
(631) 427-0700
<u>arehman@pervezrehman.com</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VILMA L. RAMOS RUIZ, on behalf of herself and
other similarly situated employees,

                Plaintiffs                    Docket No.: 16-3167

      -against-

                                             **VERIFICATION**

KOPPERT CRESS USA LLC and EDDY CRECES,

                Defendants,
-------------------------------------------------------------------X

STATE OF NEW YORK   )
                                ss.:
COUNTY OF SUFFOLK   )

I, Vilma L. Ramos Ruiz, am the Plaintiff in the above captioned action. I have read the foregoing Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                                                       _____
                                                       Vilma L. Ramos Ruiz

Sworn to before me on this 11th day
of June, 2016.

_____
        Notary Public

URSULA RODRIGUEZ
Notary Public, State of New York
No. 01RO6276375
Qualified in Suffolk County
Commission Expires 02/19/2017

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, Vilma L. Ramos Ruiz, am an employee formerly employed by Koppert Cress USA LLC and EDDY CRECES. I consent to be a plaintiff in the above captioned action to collect unpaid overtime pay.

Dated: Suffolk, New York

June 11, 2016

_____
Vilma L. Ramos Ruiz

Sworn to before me on this 11th day of June, 2016.

_____
Notary Public

URSULA RODRIGUEZ
Notary Public, State of New York
No. 01RO6276375
Qualified in Suffolk County
Commission Expires 02/19/2017